# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

SHIRLEY A. GILBERT,

    Plaintiff,

v.

CITY OF COWETA,

    Defendant.

Case No. CIV-08-432-RAW

## ORDER & OPINION

Before the court is Defendant's motion to dismiss the Second Amended Complaint [Docket No. 19]. In its motion to dismiss, Defendant lists Plaintiff's claims: (1) a violation of the Clean Water Act, with a right to bring a citizen suit pursuant to 33 U.S.C. § 1365; (2) civil rights violations based on the Equal Protection Clause and Due Process; (3) state tort claims for "public nuisance;" and (4) a state law claim for inverse condemnation. In her response to Defendant's motion to dismiss, Plaintiff states: "Defendant's Motion to Dismiss . . . restates Plaintiff's claims accurately and completely."

Defendant argues Plaintiff's Second Amended Complaint should be dismissed because: "(a) Plaintiff has failed to meet the jurisdictional requirements for filing a Clean Water Act claim, and said claim is barred or limited as a result of a pending state enforcement claim by the Oklahoma Department of Environmental Quality; (b) the factual allegations are not sufficient to constitute an action pursuant to 42 U.S.C. § 1983, as the equal protection and due process claims are insufficient as a matter of law; (c) the Plaintiff has alleged a state tort claim that is not timely and is barred by

the applicable statute of limitations contained in the Oklahoma Governmental Tort Claims Act; and (d) the claims of inverse condemnation are not proper based on the alleged facts." For the reasons set forth below, Plaintiff's Clean Water Act and state tort claims are dismissed. Plaintiff's 42 U.S.C. § 1983 and inverse condemnation claims remain.

## BACKGROUND

Plaintiff filed her Complaint in the United States District Court for the Northern District of Oklahoma (hereinafter "Northern District of Oklahoma" or "Northern District") on August 27, 2008, alleging a denial of her constitutional rights to equal protection and state law claims for property damages arising from storm water runoff and sewer overflow problems in her neighborhood.[1] On September 29, 2008, Defendant filed a motion to dismiss, arguing that Plaintiff's § 1983 equal protection claims failed because she failed to allege intentional conduct and that her state tort claims were untimely.

On October 15, 2008, Plaintiff filed an Amended Complaint, again alleging, *inter alia*, denial of her equal protection rights and state law claims for property damage. On October 27, 2008, Defendant filed another motion to dismiss. On November 12, 2008, Plaintiff filed an unopposed motion to transfer the case to this court. The case was transferred on November 14, 2008. Plaintiff never responded to Defendant's second motion to dismiss. This court granted Plaintiff additional time, until January 9, 2009, to file her response to Defendant's motion to dismiss.

On January 9, 2009, Plaintiff filed a "Second Amended Complaint" without Defendant's written consent and without seeking leave of the court. The court struck the "Second Amended

---

[1] The case number in the case originally filed in the Northern District of Oklahoma was 08-CV-492-TCK-FHM.

Complaint" from the record. Again taking pity on Plaintiff, however, the court granted her additional time to file either a response to Defendant's motion or a request for leave to file her Second Amended Complaint. The court gave her until January 16, 2009 at 5:00 P.M. Plaintiff filed her motion for leave to file her Second Amended Complaint on January 16, 2009. The court granted her motion and ordered her to file her Second Amended Complaint by January 26, 2009. She filed her Second Amended Complaint on January 26, 2009.

## ANALYSIS

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the Second Amended Complaint and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). In order to survive a motion to dismiss for failure to state a claim, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.544, 127 S.Ct. 1955, 1974 (2007). Plaintiff must nudge her "claims across the line from conceivable to plausible," otherwise her Second Amended Complaint must be dismissed. Id.

If a party submits and the court considers evidence outside the pleadings, the court must construe the motion to dismiss as one for summary judgement. David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). The court would notify the parties, of course, if it intended to construe the motion as one for summary judgment. See id. Defendant submitted with its motion to dismiss evidence outside the pleadings. The court, however, is excluding that evidence and treating the motion to dismiss as a motion to dismiss.

**Clean Water Act Claims**

Defendant argues that Plaintiff's Clean Water Act claims should be dismissed because she failed to meet the jurisdictional notice requirements of 33 U.S.C. § 1365(b)(1)(A).[2] Under the Clean Water Act, Plaintiff should have given proper notice to Defendant, to the State of Oklahoma, and to the United States Environmental Protection Agency (hereinafter "EPA"). See 33 U.S.C. § 1365(b)(1)(A).

Plaintiff argues that proper notice was given to Defendant and to the Oklahoma Department of Environmental Quality (hereinafter "ODEQ"), but concedes that her Clean Water Act claims should be dismissed for failure to provide sufficient notice to the EPA.[3] Accordingly, the court hereby dismisses Plaintiff's Clean Water Act claims for failure to provide sufficient notice to the EPA.

**Equal Protection Claims**

Defendant argues that Plaintiff's § 1983 claims based on the Equal Protection Clause should be dismissed because Plaintiff refers in her Second Amended Complaint to only negligent conduct and does not make any claim that the conduct was intentional or malicious. While Plaintiff does not use the words "intentional" or "malicious," a review of the Second Amended Complaint reveals that she also does not use the words "negligence" or "negligent." The court believes the conduct complained of in the Second Amended Complaint could be construed as intentional or negligent. Also, the court must construe the facts in the Second Amended Complaint in the light most favorable

---

[2] Defendant further argues that all claims for relief other than the claim for equitable relief are barred by the "diligently prosecuting" exception at 33 U.S.C. § 1319(g)(6).

[3] She also agrees that if the court sustains her Clean Water Act claims, she will be limited to injunctive relief.

4

to Plaintiff. Accordingly, these claims remain, and Defendant's motion is denied as to these claims.

## State Tort Claims

Defendant argues that Plaintiff's state tort claims are barred by the applicable statute of limitations because Plaintiff filed her Complaint in the Northern District of Oklahoma on August 27, 2008 and the deadline for filing her state tort claims was August 26, 2008. This court's docket sheet reflects that the Complaint was filed on August 27, 2008. The Northern District of Oklahoma's docket sheet in case number 08-CV-492-TCK-FHM also reflects that the Complaint was filed on August 27, 2008.

In the first numbered paragraph of her motion for leave to file her Second Amended Complaint, Plaintiff states that she filed her Complaint in the Northern District of Oklahoma on August 27, 2008. She also acknowledges that the deadline for filing her claim was August 26, 2008. She argues, however, that her state tort claims are not barred by the statute of limitations because her Complaint "could not have been filed on the day it was due because the court clerk's office where state claims would have been filed was closed due to a statewide election."[4] She cites 12 OKLA. STAT. § 2006 in support of her argument.

Defendant argues in its motion to dismiss that the court clerk's office where her state claims would have been filed, Wagoner County Court Clerk's office, was actually open on August 26, 2008. In her response to Defendant's motion, Plaintiff does not dispute that the Wagoner County Court Clerk's office was open on August 26, 2008. Instead, she suddenly claims that she actually filed her

---

[4] Given that Plaintiff actually filed her claim in the Northern District of Oklahoma rather than in the state court, this court is less than sympathetic to her argument.

Complaint in the Northern District of Oklahoma on August 26, 2008.[5]

Plaintiff requests additional time "to gather the documentation necessary to support this claim." Defendant originally raised the statute of limitations issue in its first motion to dismiss on September 29, 2008. Plaintiff filed her response on February 17, 2009 requesting additional time to prove she filed her Complaint on August 26, 2008. She does not specify what documentation she plans to gather that will support her claim. Nor has she in the more than one month that has passed since she filed her response attempted to provide the court with any such evidence. Also, as Defendant notes, she does not even address in her response the fact that she previously represented to the court that her failure to file her Complaint on time was due to the state court being closed.

This court has granted Plaintiff more than enough additional time in this case. Moreover, given the reflection of an August 27, 2008 filing on the docket sheets and the fact that she has yet to bring any documentation reflecting an August 26, 2008 filing even though Defendant first raised the timeliness argument on September 29, 2008, this court does not believe that any documentation exists that would prove an August 26, 2008 filing. Accordingly, Plaintiff's state tort claims are dismissed as untimely.[6]

---

[5]The court notes that on the second page of her original Complaint and her Amended Complaint, Plaintiff indicated that she filed on August 26, 2008, but the docket sheets in both the Northern and Eastern Districts show the original Complaint was filed on August 27, 2008. Moreover, Plaintiff has since acknowledged in her motion to file her Second Amended Complaint that she filed the original Complaint on August 27, 2008. Plaintiff did not indicate an August 26, 2008 filing of her original Complaint in her Second Amended Complaint.

[6]In the event that Plaintiff actually has some evidence that she filed the original Complaint on August 26, 2008, the court reluctantly (given the additional time it has already given Plaintiff) notes that she could file a motion to reconsider the court's ruling on her state tort claims and include such evidence. The court hopes that if Plaintiff decides to file such a motion that she will have the good sense to do so "immediately, if not sooner."

## State Claims for Inverse Condemnation

Defendant argues that Plaintiff has failed to state a claim for inverse condemnation, as she does not sufficiently allege a "taking." As Defendant argues: "Courts have generally recognized two basic grounds that support inverse condemnation actions: physical taking and the enactment of regulations that substantially impair the property's usefulness." Calhoun v. City of Durant, 970 P.2d 608, 612 (Okla. Civ. App. 1997). Clearly, the current action does not involve a physical taking. Also, as Defendant argues, there is no regulation at issue here.

Nevertheless, "[p]hysical invasion of the landowner's property may constitute a taking if it is severe enough to 'effectively destroy or impair the land's usefulness.'" Id. (citing State ex rel. Department of Transportation v. Hoebel, 594 P.2d 1213, 1215 (Okla. 1979). "In the Hoebel case, the landowner was allowed to constitute his suit for inverse condemnation of his land due to flooding she alleged was caused by the State's nearby highway construction." Id. Plaintiff claims that her yard has been flooded with storm water runoff and sewage overflow. She claims that Defendant issued a permit allowing a local school district to build a sports complex, the design of which has contributed to the flooding. The court will not dismiss Plaintiff's inverse condemnation claims at this stage. See Hoebel, 594 P.2d at 1215.[7]

---

[7] "The weakness in the State's argument is its assertion that the alleged flooding does not and Cannot (sic) constitute a taking. In making this argument, the State calls our attention to prior decisions in which we held that flooding did not constitute a taking. However, in all those cases, we were not presented with a case at the pleadings stage, but rather were faced with either a case on appeal or a case in which a record had been made. Our holdings in those cases merely stand for the proposition that the flooding shown to be present in those cases, under the facts presented, did not constitute a taking. Our holdings should not be construed to mean that flooding caused by virtue of the construction of public works cannot constitute a taking. Indeed it makes little sense to rule that a Taking (sic) is present when a citizen's land is covered with steel and cement; yet, not present when the land is covered with water. In either case, the interference can effectively destroy or impair the land's usefulness. In either case, a citizen can be permanently deprived." Hoebel, 594 P.2d at

## CONCLUSION

Accordingly, Defendant's motion [Docket No. 19] is hereby GRANTED in part and DENIED in part. Plaintiff's Clean Water Act claims are hereby DISMISSED for failure to properly notice the EPA. Plaintiff's state tort claims are hereby DISMISSED for being untimely filed. Plaintiff's 42 U.S.C. § 1983 claims and inverse condemnation claims remain.

IT IS SO ORDERED this 1st day of April, 2009.

**Dated this 1st Day of April 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0

---

1215.